## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>GREGORY S. BALLARD PROPERTIES, LLC<br><br>                DEBTOR. | BANKRUPTCY CASE NO. 10-30367<br><br>Chapter 11 |
| ALLIANCE BANK & TRUST COMPANY,<br><br>                PLAINTIFF,<br><br>V.<br><br>HUNTINGTON FEDERAL SAVINGS BANK; SPRINGS MORTGAGE CORPORATION; E. NED STAFFORD, JR., *as Trustee*; THE FIDELITY BANK; GREGORY S. BALLARD PROPERTIES, LLC, *as Debtor-in-Possession*; CAROLINA TRUST BANK *fka* CAROLINA TRUST BANK,<br><br>                DEFENDANTS. | ADVERSARY PROCEEDING CASE NO. 10-03191 |

## MEMORANDUM OF LAW IN SUPPORT OF HUNTINGTON FEDERAL SAVINGS BANK'S MOTION TO DISMISS

**NOW COMES** Defendant HUNTINGTON FEDERAL SAVINGS BANK ("HFSB") by and through its undersigned counsel, and submits this Memorandum of Law in support of its previously filed *Motion to Dismiss* pursuant to Fed.R.CivP. 12(b)(6) as made applicable to adversary proceedings by Fed.R.Bankr.P. 7012. In support of its Motion, HFSB alleges and says:

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted when it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325 (4th Cir. 2001). In considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001).

"Ordinarily, if the court considers matters outside the pleading on a motion to dismiss, the motion will be treated as a motion for summary judgment. However, as an exception to this rule a public document or a matter of public record may be considered by the Court in making its determination under Rule 12(b)(6) without converting the motion into one for summary judgment." Norfolk Federation of Business Districts v. Department of Housing and Urban Development, 932 F.Supp. 730, 737 (E.D.VA 1996) affirmed 103 F.3d 119, 1996 WL 671293 (4th Cir.1996).

## FACTS

Alliance Bank and Trust Company, (the "Plaintiff") filed a Complaint on July 23, 2010 and amended thereafter on August 26, 2010, seeking a determination as to the priority of two Deeds of Trust held by Plaintiff and HFSB. Both Deeds of Trust are secured by real property defined in Paragraph 19 of the Amended Complaint as the "Group B" properties. Additionally, Plaintiff seeks to reform its deed of trust, alleging a mutual mistake between the Plaintiff and debtor-in-

possession (also a Co-Defendant) as those parties intended Plaintiff to have a first priority position on the Group B properties.

Three loan transactions involving Defendant Gregory S. Ballard Properties, LLC ("Ballard") are at issue in the Amended Complaint. The first transaction involves a $210,000 deed of trust executed on December 19, 2003 and recorded on December 22, 2003 in Book 3900 at Page 571 of the Gaston County Registry. The $210,000 deed of trust is secured by the Group A properties, as defined in paragraph 16 of the Amended Complaint. The promissory note relating to this deed of trust was subsequently assigned to Huntington. Plaintiff admits in paragraph 35 of its Amended Complaint that this deed of trust was paid in full and satisfied of record.

The second transaction involves a $252,000 deed of trust executed on May 27, 2004 and recorded on May 28, 2004 in Book 4011 at Page 326 of the Gaston County Registry. The $252,000 deed of trust is secured by the Group B properties, as defined in paragraph 19 of the Amended Complaint. The promissory note relating to this deed of trust was also subsequently assigned to Huntington.

The third loan transaction involves Plaintiff's $270,000 deed of trust which was executed on April 13, 2006 and recorded on April 13, 2006 in Book 4213 at Page 1672 of the Gaston County Registry. The $270,000 deed of trust is also secured by the Group B properties. Plaintiff's allegations in the Amended Complaint are that the proceeds from this transaction were mistakenly applied to satisfy the $210,000 deed of trust on the Group A properties, leaving the Group A

properties unencumbered and instead providing Plaintiff a second lien on the Group B properties.

Plaintiff seeks equitable relief in the form of reformation of its deed of trust, a constructive trust and equitable lien, subordination and a declaratory judgment declaring the $252,000 deed of trust void. As part of its requested relief, Plaintiff also asks the Court to find that it holds a superior interest as to all Judgment Creditors in either the Group A or Group B Properties.

## DISCUSSION

Under 11 U.S.C. § 1107(a), a debtor becomes a "debtor-in-possession" upon filing a chapter 11 bankruptcy petition and has the rights and powers of a chapter 11 trustee. These rights and powers include those under 11 U.S.C. § 544(a). In Re Boardwalk Development Co., Inc., 72 B.R. 152 (1987). Included in the "strong arm" powers of 11 U.S.C. § 544(a) given to trustees and debtors-in-possession, includes the power that a "trustee may defeat a claim against the debtor's estate if, under applicable law, a hypothetical *bona fide purchaser* of the property in question would have prevailed over the claim as of the date of the bankruptcy filing." Id. at 154. The trustee's actual knowledge of competing interests will not prevent a trustee from asserting his strong arm powers; however, such actual knowledge will prevent a *debtor-in-possession* from asserting his strong arm powers. Id. at 155 (emphasis added).

In Re Hartman Paving, Inc., 745 F.2d 307 (4th Cir. 1984) held that a debtor-in-possession, with notice, could not use its 544(a) strong arm powers to avoid a transfer if a purchaser with notice could not do so. Id. According to the Court in

Boardwalk, "Hartman Paving should not be read to apply to cases where it is a trustee invoking 11 U.S.C. § 544(a), rather than a debtor-in-possession." Id. Although the holding in Hartman has been recognized as containing a conflict with the plain wording of 11 U.S.C. § 1107(a) because it creates a distinction between a trustee and a debtor-in-possession, the holding has not been overturned and is still applicable to cases subject to the jurisdiction of the Fourth Circuit. Id.

Deeds of trust, properly registered, are "constructive notice to all the world. Creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, obtain no title as against a properly probated and registered conveyance, sufficiently describing the property." Fifth Third Mortgage Company v. Miller, 690 S.E. 2d 7 (2010), quoting Lowery v. Wilson, 200 S.E. 861, 864 (1939). North Carolina is a pure race jurisdiction in that a conveyance of an interest in real property is not effective until properly recorded and priority is determined in the order recorded. Id. at 9.

In the case at bar, Plaintiff's Complaint does not allege any facts that show there are mistakes in the recordation or legal description of either the Group A or Group B Properties that would allow the debtor-in-possession to reform the Plaintiff's deed of trust. In its Answer to the Complaint, HFSB does not admit or stipulate that any of the deeds of trust at issue before this Court are defective either in their registration or their description of the real property that is the subject of the respective deeds of trust.

Under North Carolina law, there is a strong presumption that a written instrument is correct as written and executed and that the parties to the instrument knew what the instrument stated, and that the instrument correctly stated the intent of the parties that executed it. Hice v. Hi-Mil, Inc., 273 S.E. 2d 268 (1981). This presumption is strictly applied when the terms of a deed are involved to ensure the "stability of titles and the security of investments." Id. at 270.

This case is most analogous to Boardwalk in that the Plaintiff in this case seeks to reform its deed of trust by giving it priority over HFSB's deed of trust as to the Group B Properties using the powers given the debtor-in-possession under 11 U.S.C. § 1107(a) and 11 U.S.C. § 544(a). Unlike Boardwalk, there is no trustee involved in the instant case, only a debtor-in-possession. In accordance with the holding in In Re Hartman Paving, Inc., 745 F.2d 307 (4th Cir. 1984), unlike a Chapter 7, 11, or 13 trustee, a debtor-in-possession, with notice, cannot use its 544(a) strong arm powers to avoid the HFSB deed of trust on the Group B properties.

Plaintiff has alleged no defect in the recordation of the $252,000 Deed of Trust (as defined in ¶ 18 of the Complaint) that could be considered as a fatal flaw to properly securing HFSB's interest in the Group B Properties. Unlike Suntrust Bank, N.A. v. Northen, 433 B.R. 532 (2010) (currently under appeal to the 4th Circuit Court of Appeals), there was no error in the indexing or registering of the $252,000 Deed of Trust and Plaintiff does not allege such a recording or indexing error. Another distinction between the case at bar and Suntrust is the fact that Suntrust deals with a Chapter 7 Trustee using his "strong arm powers," as opposed

to this case where the Plaintiff is asserting that the Court order the *debtor-in-possession* to use its strong arm powers to reform Plaintiff's deed of trust to give it a priority over HFSB's deed of trust in the Group B Properties.  The distinction is important due to the fact that under the holding in Suntrust, the trustee's knowledge, actual or constructive, of a competing interest in the real property will not defeat the trustee's use of his strong arm powers thereby allowing the trustee to treat the property as unencumbered; applying the principals in Boardwalk and Hartman Paving, the actual knowledge of a competing interest by a debtor-in-possession will defeat the debtor-in-possession's attempted use of those same strong arm powers.

To be properly registered in North Carolina, a deed of trust must be registered in the county where the land lies. N.C. Gen. Stat. § 47-20.1.  Once properly recorded on May 27, 2004, the $252,000 Deed of Trust put the world on notice of its existence.  The re-recording of the $252,000 Deed of Trust on June 4, 2004, did not serve to perfect the lien, as that was already accomplished on May 27, 2004 when the $252,000 Deed of Trust was originally recorded.  The $252,000 Deed of Trust (and its adjustable rate rider) was a matter of public record at the time that Plaintiff recorded its deed of trust on the Group B Properties on April 13, 2006. Both the Plaintiff and the debtor-in-possession had knowledge of the existence of the $252,000 Deed of Trust as under North Carolina law, a purchaser of land is charged with the duty to carefully examine each and every deed and instrument in the chain of title to the land and takes subject to what such an examination would disclose.  Morehead v. Harris, 137 S.E.2d 174, 183-184.

Unlike the facts in <u>Fifth Third Mortgage Company v. Miller</u>, 690 S.E. 2d 7 (2010), Plaintiff does not allege any defects in the legal description of the $252,000 Deed of Trust. Likewise, there is no stipulation by HFSB that there were any errors, in either the legal description contained within the $252,000 Deed of Trust or its registration. Given the fact that the $252,000 Deed of Trust contained no errors in the legal description and was properly recorded, both the Plaintiff and debtor-in-possession had notice of its existence.

Plaintiff's Complaint fails to state any cause of action against HFSB that entitles it to the relief sought by Plaintiff. Plaintiff alleges no recording errors or errors in the legal description used in HFSB's $252,000 Deed of Trust that would render it voidable. As opposed to a trustee's use of his strong arm powers under 11 U.S.C. § 544(a), a debtor-in-possession may not use those strong arm powers to void a creditor's deed of trust, when, as in this case, the debtor-in-possession has actual knowledge of a competing interest in the real property.

**WHEREFORE**, HUNTINGTON FEDERAL SAVINGS BANK prays the Court that all claims asserted against it by Plaintiff in this adversary proceeding be dismissed with prejudice.

This, the 12th day of January 2011.

THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

BY: /s/: Joseph J. Vonnegut
 JOSEPH J. VONNEGUT
 Attorneys Huntington Federal Savings Bank
 4317 Ramsey Street
 Post Office Box 2505
 Fayetteville, North Carolina 28302
 (910) 864-6888 / (910) 864-6177 *fax*
 State Bar No. 32974

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date this *Memorandum of Law in Support of Huntington Federal Saving Bank's Motion to Dismiss* was served upon the following parties by depositing a copy in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service or via the appropriate electronic server.

Amy Purwin Hunt
Robert B. McNeil
301 South College Street
Suite 2600
Charlotte, NC  28202
Counsel for Alliance Bank
& Trust Company

W. Mark White
226 E. Main Street
Rock Hill, SC  29730
Counsel for Springs Mortgage Corporation
and E. Ned Stafford

James H. Henderson
Mollie T. James
1201 Harding Place
Charlotte, NC  28204
Counsel for Gregory S. Ballard
Properties, LLC

David W. Smith, II
P.O. Box 2636
Gastonia, NC  28053
Counsel for Carolina Trust Bank

Linda W. Simpson
U.S. Bankruptcy Administrator
402 W. Trade Street
Suite 200
Interested Party

This, the 12th day of January 2011.

                THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

                BY:  /s/: Joseph J. Vonnegut
                      JOSEPH J. VONNEGUT
                      Attorneys Huntington Federal Savings Bank
                      4317 Ramsey Street
                      Post Office Box 2505
                      Fayetteville, North Carolina  28302
                      (910) 864-6888 / (910) 864-6177 *fax*
                      State Bar No.  32974